Good morning, honorable members of the court. Michael Hoffman on behalf of the petitioner and appellant Autozone. Thank you for the opportunity to be heard on a discretionary petition. Tell me if I've got these facts right. When the case was filed, it was a class action with various claims. After it got removed to federal court, a couple of things occurred which turned it into an individual action, not a class action, only on the basis of race discrimination. The district judge then sua sponte remanded it to state court. Have I got that right? Largely, your honor. The action was severed by the panel on multi-district litigation. First tell me what my error is and then enlarge upon it. Well, as the matter stood, when it was remanded, plaintiff filed a First Amendment complaint asserting the same class wage claims in the central district action. So, as the pleading stood, it was still sitting as a putative class action. At that point, it's back in the state court? No. The federal court. That was still in the United States District Court. First Amendment complaint included putative class claims for alleged wage law violations. Now, if it was still a class action when it got remanded and it subsequently became an individual, wait, no, I'm mixed up now. Sorry, your honor. Perhaps I could summarize it. At the time of removal, there was a putative class claim for alleged wage law violations. There was also a putative class claim for alleged race discrimination. At that point, the party stipulated to the filing of a First Amendment complaint and also the United States Judicial Panel on Multi-District Litigation severed the wage class claims, had them transferred to the northern district. So, at that point, there, in theory, were two actions. One, for the putative wage claims that were transferred to the northern district and sitting in the central district should have been, on the plaintiff's amendment, individual causes of action for race discrimination. However, in the First Amendment complaint that was actually filed in the central district, it still included putative class claims for alleged wage law violations. So, at the time it comes up to, at the time it's removed, your position is that there's jurisdiction in the court, correct? Correct. And that's actually uncontroverted. So, is there any case that says that after you amend the pleadings and leaving aside whether they should have included the putative class in the amended complete, as you know of any case that says that you then re-examine jurisdiction based on what occurs afterwards? None has been cited in the briefs before the court, and the Burlington case, which we've included in our brief, specifically states that Congress intended to not have volleying between state and federal courts based upon these pleading amendments. So, even the First Amendment complaint would be irrelevant under these cases? Correct. The analysis It doesn't really matter whether they tried to revert to a putative class in the central district case, correct? Correct, Your Honor. I would be happy to address the court's question that was raised on Friday about whether appellate jurisdiction exists on a sua sponte remand order. The statute refers to an order on motion granting or denying a motion for remand. This court, the Ninth Circuit, addressed the phrase on motion and what that means in the case King Vision Pay-Per-View v. Lake Alice Bar, which is 168, Fed 3rd, 347, 1999. It was coincidentally an opinion authored by Judge Kleinfeld. And the common customary Give us a 28-J on that. Excuse me? Give us a 28-J on that. I don't know what that is, Your Honor. Just provide us a written copy of the name of the case and the citation. Yes. Clerk has forms. We don't have forms anymore. Everything's done electronically. So you can file it electronically. If you look at the Rule 28-J. It's Rule 28-J. I will, Your Honor. And in that case, the court stated that the phrase on motion customarily means a motion by the parties or a motion initiated by the court. So this differentiation between motion by the parties or the court is immaterial. The sua sponte ruling is just a motion initiated by the court. And in this case, the court initiated the motion and ruled simultaneously. Second, if you look at the legislative history of CAFA, which was 10 years in the making, the last two Senate Judiciary Committee reports are instructive. And in an example of thanks for small favors, the 2003 version of CAFA, which missed ending filibuster by one vote, actually called for mandatory appellate review of all CAFA remand orders. The 2005 version amended Section 1453C to provide for discretionary appellate review of remand orders. The intent of Congress, as stated in both Senate reports, 108-123 and 109-14, was to develop a body of law interpreting CAFA jurisdictional questions because 28 U.S.C. 1447, the remand statute, was actually enacted after years of development of appellate case law and diversity and removal jurisdiction. So Congress wanted the circuit courts to develop case law on CAFA jurisdictions, but it vested with your honors the discretion as to which cases actually merited appellate review. Denying appellate review on a sua sponte remand order turns that discretion on its head because you end up giving discretion to the district judge as to which cases can be reviewed on appeal by virtue of whether the remand is initiated sua sponte or by appellate. Did you ask the district court in this case to review its decision that it had made sua sponte? I did not, Your Honor. My understanding of Section 1447 is the motion for reconsideration is unavailable because the court is saying I have no jurisdiction to even consider it sua sponte from the outset. But the court dismisses your case on a diversity case, for example, and says we have no jurisdiction because you only have $10,000. Then you write a reconsideration motion. You say to the judge, you know, I think you're maybe incorrect or misapprehending, Your Honor. We actually have a much higher amount. Look, actually, we have $250,000 if you look at paragraph 12 of our complaint. So I'm not sure where in the rules you would divine the prohibition against moving for reconsideration. I'd be happy to brief that issue, but it is. I don't think it's all that important. I was just curious because I didn't see that you'd ask for that. I, for one, don't like sua sponte orders like this. I mean, here we are. Theoretically, if they'd have hauled everybody into court and said what's the story on this, I mean, you might have saved everybody a lot of time, effort, and energy. But sua sponte orders, as you point out, cause trouble. It's just an oversight. I don't think there was any sinister plot here or anything like that. It's just something that apparently was overlooked because no authority was discussed in the order. And even with a simple order to show cause, we could have brought it to the court. Exactly. That's the point. The position is further buttressed by the U.S. Supreme Court's decision in 2009 in Carlsbad Technology v. HIF-BIO where the Supreme Court ruled that a remand order, also a sua sponte remand order from the 2nd District, remanding an action upon dismissal of the federal claim actually is not barred for appellate review under Section 1447D. In that instance, the district court is not remanding the action for lack of subject matter jurisdiction at the time of removal, but rather is remanding due to post-removal developments. And the Supreme Court held in 2009 that Section 1447 does not bar appellate review. I also found a case under CAFA where the district court did sua sponte, was going to dismiss it, issued an order to show cause. So it really was not on a party's motion. We took jurisdiction. We decided the case. Which one is that, Your Honor? That's Brago v. Dow Chemical. Ah, okay. I missed that. Maybe we should hear from the other side. Okay. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Morris Nazarian for the plaintiff and appellee. I'm confused about something in your part of the case. Yes, Your Honor. I had thought it was well-established law, extended by a Ninth Circuit case to Class Action Fairness Act cases, that the federal court had jurisdiction or not, depending on what the action was when it was removed to federal court and subsequent amendments of the complaint or changes could not eliminate the district court's jurisdiction. Am I mistaken about that? That's not necessarily true, and that's not what my reading of the case authority is. There are instances where that is true. However, when the issue becomes moot under CAFA. The mootness I couldn't see. I can't see that anything's moot. She still wants money for being discriminated against on account of race, and she still wants money for not getting fair application of the wage and hour acts. So I can't see any mootness. All I can see is that she has decided to pursue the race claim as an individual rather than a class action.  But there was a class action. When the case was removed, was there a class action pled? Yes, there was. Okay. What's your best case that says upon removal, if there's jurisdiction of the court, that amendment of the pleading somehow divests the court of jurisdiction? There are cases that I cited in my brief. That's our mootness case. But I can't see where mootness helps you because there's still something the court could do for her. There is a case for controversy still. Well, before this district, there's no class action. No, but see, the problem is if you're hanging your hat on the quote class action. The case was removed, and if there's jurisdiction at that point, mootness isn't the question. The question is, is there jurisdiction? Well, what I've read is if at the time they remove, there's a class action, and then subsequent events to that removal cause there not to be a live controversy with regards to CAFA jurisdiction. Why isn't there a live controversy? Because before this district court, there's a state action for race discrimination. Okay. So she's still at controversy. Well, that doesn't fall under CAFA. There needs to be a $5 million. No, but you're not at you know, it was removed under CAFA. Tell me, instead of saying they're in your brief, tell me what case and what authority says if you remove a case under CAFA, and then the class action aspect of it goes away, whether by dismissal or whether by amendment or spinning it off to an MDL. Tell me your best case that says that somehow there's a mootness argument that kicks in. I don't know if there's a case that actually states that. Because there's not. Right. Maybe there is. I'm saying if there is one, I'd really like to read it because that would really CAFA in a posture that is at odds with every other federal procedure case. So that's why I'm asking what you think is your best case. Well, you know, the cases that I said, United Steel, Cunningham, there's Dudley-Barton. They all say, for example, a voluntary dismissal of a lawsuit after a remand moots the appeal. Well, but see, that's different. It doesn't say there's not jurisdiction. It says there's no case. Yeah, that's for a case where there's a remand. Maybe it's an erroneous remand, but then they settle. Once they settle, there's nothing to appeal. There's nothing to appeal because all claims from the beginning of time to the present day, by those plaintiffs against those defendants, have been satisfied and dismissed. There's no longer a case or controversy. There is no longer a class action case or controversy in this district. Yeah, but what is there? There's no class action, but what is there? A race discrimination case. Okay, so that's the point. That's the point. There's a case. So let's just say that you had your class action case and your individual case. It arrives in the federal district court. On day one, there's jurisdiction, correct? Correct. Under CAFA removal. So let's say you go through five years of litigation, and finally the judge says, you know, there's really no class action here. I'm going to grant the defendant's motion to dismiss. That wouldn't somehow permit you to go back to the state court and say, well, there's no class action. It's moot. The reasons that I have looked at wherein the cases do not remand the court is where there is an opportunity or the possibility for the court to revisit the class action issue in the district court. In this situation, that's not going to happen. There is a race claim. The MDL action has been transferred to the northern district. What is pending before this court is a race claim, race discrimination. There's no class action. It's not CAFA jurisdiction. If the argument was with regards to some of the moot, why can't you just litigate your race discrimination claim in district court? Lots of them are litigated there every day. Your Honor, the court sui sponte has remanded the matter. It's a state law matter. I believe the state law court should hear state law matters. This is not a class action. It is not a diversity action. If this issue was with regards to whether or not the plaintiff had properly pled. State courts apply state law all the time. I just can't see any difference except, I don't know, maybe California Rule 56 law is a little different from federal. I don't really know. Your Honor, there is no class action controversy under CAFA. But that's kind of the roll of the dice you play when you create your original state court filing, is you put the class action in, you're potentially subject to removal. The class action might fall out for all kinds of reasons, but it doesn't get you necessarily a remand back to the state court. If, Your Honor, if I had waited and filed a motion for class certification and the court would have denied a motion for class certification, the courts are split as to whether or not the court retains jurisdiction. We don't have those facts present in our case. Is it any different from complaint filed in state court, count one, federal claim, count two, state law claim, removed to federal court, federal court dismisses or plaintiff amends and eliminates the federal claim. Federal district court then adjudicates the state claim. Why is it any different? From my understanding, based on the facts that you presented, the court would not, federal district court would not necessarily retain jurisdiction if it's a state law matter. It would have to have some type of jurisdiction at that point. And my argument is at this point, the court, the district court correctly decided. Do you think a plaintiff can escape from a federal proceeding that's going badly any time by taking advantage of the ease of amendment to change the pleadings and get out of there? I'm not necessarily stating that, Your Honor. That's the way it works. You could deprive the federal court of jurisdiction any time things are going badly by amending your complaint. Dismiss the federal charge and then say, hey, now we're out of here. There's no jurisdiction to proceed. That's what I believe the legislature has enacted in its rules, is whether or not the court has jurisdiction or not is a decision for the court. This was a decision made by the district court. It looked at the facts and it said, look, there's not a class action here. The case, the class action component has been transferred to the northern district. So where is our CAFA jurisdiction? Can I just stop you? Maybe I'm just not understanding your argument because you said, well, there's some split of authority. But in this, I'm looking at this U.S. steel shell oil case, 2010, where basically if the class action was properly removed, and then there's a subsequent denial of class certification, the Ninth Circuit said it doesn't divest the district court of subject matter jurisdiction. The case remained removed and could not be remanded to federal court. Am I missing something there? When we're dealing with motions for class certifications, I believe you're correct, Your Honor. So, but there's no case that says that if the class is somehow taken to the MDL, that you somehow can go back to state court. Is there? I mean, is there? See, this case relies on cases way back to the 30s when the Supreme Court says jurisdiction is decided on day one when you arrive and knock on the door at the federal courthouse. But I'm still having some trouble finding any case that hints at what you're saying. Well, there's Salazar v. Avis Budget Group, Klosnitzer v. Federal Express Corporation. And those courts, and I cited this in my brief, those courts have at times qualified their holdings, for example, deciding that jurisdiction is ousted only if it is clear there is no foreseeable possibility that plaintiff may obtain certification in the future. There is no possibility that plaintiff may obtain certification at this district court. There is no class action pending before this district court.  Can I also just address what counsel said is that in the amended complaint, the class action showed back up again? That was an oversight on my end, and I cured that, Your Honor, by dismissing those causes of action. Those causes of actions were MDL actions. It was an inadvertence on my end. All right. Salazar, in any event, is a district court case? I have a case cite as, I don't know if this is N007CV006. Yes, I believe it's a district court case. Is that a published case? I believe it was when I, there's Klotzinger 621F2D1266. Well, that's a good giveaway that it's not a circuit case, right? Right. In closing, I would like to just state that the reason for CAFA was for the courts to deal with class action so the district court can adjudicate class actions, and that was what CAFA was meant for. And when there's no class action, there is really no CAFA jurisdiction, and that's what the court properly decided, Your Honors. Thank you. Do you have anything to add, or would you like to rest on your briefs? I have just one question to ask. What was the name of that? The statute says we have jurisdiction when on motion of the plaintiff or defendant, and there was a case that we had actually where I think I was the author, as you said, where we said sua sponte equals on motion for that purpose. Which case was that? King Vision Pay Per View. King Vision. 168 Fed 3rd. Thanks. Okay, I remember it now. 168 Fed 3rd. I remember it now. That's the only question I have. Does the panel have any questions? Any other questions? It appears not. Just quickly on the law, the district court case decided by plaintiff were decided before the United States deal, and there's no circuit court case supporting their view, and the United States deal relied on decisions from other circuits, so we think there's unanimity on the question. Thank you. Thank you. It's a minute. The case just argued, Ellison v. AutoZone, is submitted. We thank you for coming, and the court is adjourned this morning. All rise.
judges: Trott, Kleinfeld, McKeown